## In re DEMAREST.
### Patent Appeal No. 2247.

Court of Customs and Patent Appeals.
March 19, 1930.

Paul Carpenter and Ralph B. Stewart, both of Washington, D. C. (Brendan J. McCann, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiners in Chief which, in turn, had affirmed the decision of the Primary Examiner rejecting appellant's claims 3, 4, 29, and 39 for an alleged invention relating to improvements "in cross-heads, and particularly such devices as are employed on steam locomotive engines."

Claims 3, 4, and 29 are illustrative. They read:

"3. A device of the character described, comprising, in combination, a body and a shoe provided with means for connecting the body and shoe together for replacement and wear compensation, said body and shoe being further provided with cooperating laterally inclined surfaces and said connecting means being adapted for permitting relative adjustment of and for holding said body and shoe in predetermined relative position.

"4. A device of the character described, comprising, in combination, a body and a shoe provided with means for connecting the body and shoe together for replacement and wear compensation, said body and shoe being further provided with cooperating laterally and longitudinally inclined contacting surfaces and said connecting means being adapted for permitting relative adjustment of and for holding said body and shoe in predetermined relative position."

"29. A device of the character described, comprising, in combination, a body having a central recess and a shoe provided with means for connecting the body and shoe together for replacement and wear compensation including grooves formed in the walls of the recess in said body facing each other, and projections carried by the shoe and entering said grooves."

The references relied upon by the patent tribunals are: Walck, 896,339, August 18, 1908; Joyner, 1,037,633, September 3, 1912; Markel, 1,202,866, October 31, 1916.

With reference to claims 3 and 4, the Primary Examiner said:

"It is clear from an inspection of the showing in Joyner, that every feature, with the exception of the cooperating laterally inclined surfaces of the shoe and body, is present in that device. It is equally clear that Markel and Walck both show cooperating

laterally inclined surfaces of the shoe and body in a crosshead structure. It has been held that in view of the showing in these references, it would be apparent and without the exercise of inventive skill to provide the cooperating surfaces of the shoe and body portions in the Joyner structure with inclined surfaces after the manner shown in either Markel or Walck.

"Claim 4 is similar in scope to Claim 3, merely specifying in addition that the body and the shoe are provided with cooperating longitudinally inclined contacting surfaces which feature is clearly shown in figure 2 of the Joyner patent. The same ground of rejection set forth in connection with Claim 3 is maintained here also.

"The feature in controversy in Claims 29 and 39 is the feature of the projections 25 carried by the shoe and entering the groove 26 formed in the walls of the recess in the crosshead body. The claims, including this feature, are fully and clearly met in the patent to Markel. The projections 13a of the shoe 13 in this patent are obviously carried by the shoe and enter into the undercut portions of the walls which are in effect grooves. It is clear that these members cooperate to keep the shoe from being displaced vertically in the crosshead body."

As to claims 29 and 39 it was held that the grooves formed in the recess of the crosshead body and the projections carried by the shoe for entering the grooves were disclosed in the patent to Markel.

In disposing of the issues, the Commissioner said:

"The general organization comprising a body and shoe and means for connecting the body and shoe together for replacement and wear, said means being adapted for permitting relative adjustment of the body and shoe and for holding them in their predetermined adjusted positions, are clearly disclosed by Joyner. This patent also discloses means, broadly, for preventing vertical displacement, or canting or other lateral displacement of the shoe relatively to the crosshead. Each of the patents to Markel and Walck shows the equivalent of the appellant's specific means for preventing such movements of the shoe relatively to the

cross-head, viz., cooperating projections and grooves formed with laterally inclined coacting surfaces.

"It is believed that no invention was involved in modifying the Joyner device, as suggested by Markel and Walck."

It is claimed by counsel for appellant that the involved claims have been wrongly rejected on a composite reference; that there is nothing in the references to indicate that they could be modified to form the involved combination structure; that the "tongue and groove arrangements" involved in claims 29 and 39 are new and are not shown in any of the references; and that, as new and useful results are obtained by the combination of old and new elements in appellant's device, the Commissioner of Patents erred in rejecting the involved claims.

The Solicitor of the Patent Office contends that, so far as the issues here are concerned, appellant has done nothing more than to unite various elements, shown in the references, into a single structure which possesses no new functions, each of the elements operating in the same way as in the old art; and that such a combination does not involve invention.

Three tribunals of the Patent Office having concurred in holding that the claims in issue do not involve patentable invention, the decision of the Commissioner of Patents should be affirmed, unless it is manifestly wrong. This rule is particularly applicable to cases involving highly technical questions, and especially where the court is unaided by the testimony of those expert in the art. In re Beswick, 16 App. D. C. 345.

The issues have been fairly stated and carefully considered by the tribunals of the Patent Office, and they require no further discussion in this opinion. We have given much time and effort in a study of the drawings and specifications in the application and in the references cited, and we are unable to say that the Commissioner has erred in holding that the claims in issue do not involve invention.

The decision is affirmed.

Affirmed.